UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA G. on behalf of Ferdinand G. (deceased), | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:18-cv-04082-TAB-JMS<br>) |
| ANDREW M. SAUL Commissioner of the Social Security Administration, | )<br>)<br>) |
| Defendant. | )<br>) |

**ORDER ON PLAINTIFF'S REQUEST FOR REMAND**

**I.   Introduction**

This case involves an appeal from an Administrative Law Judge's decision denying disability insurance benefits. The claimant is now deceased, and this case is brought on behalf of the decedent by his widow.[1] Plaintiff argues that the ALJ committed reversible error by not properly evaluating the opinion of a consultative examining physician regarding Plaintiff's functional limitations. As explained below, the ALJ's decision is supported by substantial evidence, and any omissions amount to nothing more than harmless error. Accordingly, Plaintiff's request for remand [Filing No. 10] is denied.

**II.   Background**

Plaintiff filed an application for a period of disability and disability insurance benefits. The Social Security Administration denied his claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled. Plaintiff appealed the unfavorable decision within the SSA, but the Appeals Council denied the request for review.

---

[1] For ease of reference, the Court refers to the deceased claimant as Plaintiff throughout this opinion.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled at the time of the decision. First, the ALJ noted that Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2017. Next, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period for which he was seeking disability benefits. At step two, the ALJ determined that Plaintiff had the following severe impairments: coronary artery disease, sick sinus syndrome, atrial fibrillation, hypertension, a history of syncope, a hiatal hernia, gastroesophageal reflux disease and Barrett's syndrome, diabetes mellitus, exocrine pancreatic insufficiency, migraine headache/headache, chronic low back pain, obesity, major depressive disorder, history of hallucinations, adjustment disorder with depressed mood, and depression with anxiety. The ALJ found that these medically determinable impairments significantly limited Plaintiff's ability to perform basic work activities as required by SSRs 85-28 and 96-3p. Additionally, the ALJ noted that while the record included documentation of multiple impairments in addition to those listed above, no functional limitations were established in connection with those conditions and there was insufficient evidence that those conditions lasted for at least 12 months or more. Thus, the ALJ found that Plaintiff failed to establish that any other impairment identified in the record was severe. [Filing No. 8-2, at ECF p. 31.]

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or his remaining ability to function despite his limitations. The ALJ concluded that Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Plaintiff] can lift, push, pull, and carry 10 pounds occasionally and 5 pounds frequently, sit 6 hours of an 8-hour workday, stand and walk, in combination, 6 hours of an 8-hour workday and is limited to work that allows him to sit and stand alternatively provided that, if the work[] requires [Plaintiff] to sit then [Plaintiff] can sit for no greater than 60 minutes at one time, if the work requires [Plaintiff] to stand then he can stand for no greater than 1-2 hours at one time, and if the work requires him to walk then he can walk for no greater than about 1-2 blocks at one time. He can never climb ladders, ropes and scaffolds, occasionally balance, kneel, crouch, crawl and climb ramps and stairs. He is limited to only occasionally stooping but never stooping below the waist. He is limited to a work environment with no concentrated exposure to extreme cold, extreme heat, wetness, humidity and respiratory irritants such as fumes, odors, dusts, and gases. He can engage in no commercial driving. He can have no exposure to unprotected heights and dangerous machinery. He is limited to simple, routine, and repetitive work as well as work that allows the individual to be off task ten percent of the workday in addition to regularly scheduled breaks.

[Filing No. 8-2, at ECF p. 34.]

Based on this RFC finding, Plaintiff's past relevant work as a cashier, courier, and clergy member, and the testimony of the vocational expert, the ALJ concluded at step four that Plaintiff was unable to perform any past relevant work. Consequently, the ALJ proceeded to step five and found jobs that existed in significant numbers that Plaintiff could have performed considering Plaintiff's age, education, work experience, and RFC. The ALJ noted three such jobs in the decision: bench assembler, sorter, and routing clerk. Accordingly, the ALJ concluded that Plaintiff was not disabled.

**III. Discussion**

Plaintiff seeks remand to the ALJ for re-evaluation and consideration of the opinion of consultative examining physician Dr. Gregory M. French. Plaintiff argues Dr. French's opinion was that Plaintiff was more limited, in part, than the ALJ found. This Court reviews the ALJ's decision to determine whether the factual findings in the decision are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings . . . shall be conclusive if supported by substantial

evidence." (Internal quotation marks omitted)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (internal quotation marks omitted).

The ALJ's decision directly referenced Dr. French and stated in full:

> Consultative examiner Gregory French, M.D. opined at one point that [Plaintiff] had no limitations in lifting and carrying but later that [Plaintiff] was limited to lifting 20 pounds. He further alleged that [Plaintiff] could sit, stand, and walk for 30 minutes each, but no more than 2 hours in total in an 8 hour workday. He noted [Plaintiff] should further be limited to occasional posturals but no climbing of ladders, ropes and scaffolds and face only occasional exposure to a range of hazards (14F/2-8, 11). These findings were given mixed weight. No significant weight was given to the contradictory findings regarding [Plaintiff's] ability to lift and carry and that he could only sit for 2 hours of a workday. These findings lack support from the longitudinal record, including multiple normal physical exams, as well as other persuasive medical opinion statements. Other portions of his statements are better supported by other opinion evidence and [Plaintiff's] activities including the postural and environmental limitations, as well as a need to switch positions due to pain and fatigue.

[Filing No. 8-2, at ECF p. 39.]

Plaintiff references five specific recommendations or statements from Dr. French's opinion regarding: (1) noise level; (2) respiratory irritants; (3) standing at one time; (4) total time standing and walking; and (5) sustained work. Plaintiff argues either that the ALJ committed harmful error by failing to address these portions of Dr. French's opinion or that some of the ALJ's findings are in contention with Dr. French's opinion and are not supported by substantial evidence in the record.

With the exception of noise, the ALJ did, however, at least acknowledge in some capacity all of these portions of Dr. French's opinion. And even in that regard, the ALJ noted "environmental limitations," which could include noise level restrictions. Moreover, this omission on noise level restrictions amounts to nothing more than harmless error. *See, e.g.*, *Stepp v. Colvin*, 795 F.3d 711, 719 (7th Cir. 2015) ("[A]ny error on the ALJ's part in failing to

4

discuss this evidence was harmless."). The ALJ concluded that Plaintiff had an RFC for light work, and the vocational expert testified regarding three jobs that Plaintiff could perform: bench assembler, sorter, and routing clerk. [Filing No. 8-2, at ECF p. 42.] The record contains the section of the Directory of Occupational Titles that references each of these jobs. Bench assembler involves a loud environment, which would not align with Dr. French's assessment. [Filing No. 8-7, at ECF p. 55.] The position of sorter, by contrast, involves a moderate noise level. [Filing No. 8-7, at ECF p. 49.] And a routing clerk position involves a quiet environment, which is even less than moderate. [Filing No. 8-7, at ECF p. 52.] Thus, any error in omitting Dr. French's noise level restriction opinion amounted to nothing more than harmless error, as many jobs at the RFC level that the ALJ found would have properly accommodated any noise restrictions if necessary.

In relation to respiratory irritants, Plaintiff cites to Dr. French's conclusion that Plaintiff could only "occasionally (up to 1/3)" have exposure to dust, fumes, odors, and pulmonary irritants. [Filing No. 8-20, at ECF p. 92.] Plaintiff contends that the ALJ gave no reason for implicitly rejecting Dr. French's opinion and that this was harmful error. As noted above, the ALJ included a reference to "environmental limitations" in describing Dr. French's testimony. [Filing No. 8-2, at ECF p. 39.] The ALJ ultimately found that Plaintiff should be limited to a work environment with no "concentrated" exposure to such respiratory irritants. [Filing No. 8-2, at ECF p. 34.] The ALJ also noted, however, that state agency examiners concluded that Plaintiff should "avoid concentrated exposure to extreme temperatures, wetness, humidity, fumes, odors[,] dusts[,] and gases as well as all exposure to hazards." [Filing No. 8-2, at ECF p. 38.] While the ALJ only gave the state agency examiners' opinions limited weight in part, the ALJ stated that the "postural and environmental limitations [were] warranted[.]" [Filing No. 8-2,

5

at ECF p. 39.] Thus, it appears that the ALJ's phrasing ultimately came from the state agency examiners' opinions, rather than Dr. French's assessment. It is not the role of this Court to re-weigh the evidence. *See, e.g., Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) ("We view the record as a whole but do not reweigh the evidence or substitute our judgment for that of the ALJ.").

Plaintiff also noted that Dr. French reported Plaintiff could stand for just 30 minutes at one time, yet the ALJ found that Plaintiff could stand for one to two hours at a time. The ALJ gave Dr. French's opinion "mixed weight" because portions of his opinion contrasted with Plaintiff's multiple, normal physical examinations. [Filing No. 8-2, at ECF p. 39.] Additionally, while there may have been contradictory opinion evidence regarding how long Plaintiff could stand at one time, the ALJ did not ignore it but instead explained why more weight was given to some evidence than others. For example, the ALJ noted the opinion of treating physician Dr. Patrick McGill that Plaintiff could only stand and sit each for less than 60 minutes in an eight-hour workday. [Filing No. 8-17, at ECF p. 76.] The ALJ explained, however, that very limited weight was given to Dr. McGill's opinions because they were "greatly undermined by a range of normal physical exams as well as [Plaintiff's] ability to work part time, albeit with special working conditions, several times a week above this level of exertion." [Filing No. 8-2, at ECF p. 40.] Moreover, Plaintiff completely ignores the fact that Plaintiff testified before the ALJ that he could stand for one to two hours at a time. [Filing No. 8-2, at ECF p. 69.] The ALJ included this testimony in the decision. [Filing No. 8-2, at ECF p. 35.] Thus, the ALJ's finding in relation to how long Plaintiff could stand at one time was supported by substantial evidence.

Dr. French also opined that Plaintiff could only stand a total of two hours in an eight-hour workday and could walk for a total of two hours in an eight-hour workday. [Filing No. 8-20, at

6

ECF p. 89.] The ALJ, in contrast, concluded that Plaintiff could stand and walk, in combination for six hours of an eight-hour workday. [Filing No. 8-2, at ECF p. 34.] As noted above, the ALJ acknowledged Dr. French's opinion, but ultimately gave this portion of his opinion mixed weight after concluding that it lacked support from the record, including Plaintiff's multiple normal objective examination findings and other medical opinions. Additionally, as the Commissioner points out, the ALJ adequately accommodated any necessary limits by explicitly allowing Plaintiff to alternate between standing, walking, and sitting throughout the workday. The ALJ also noted that state agency examiners evaluated Plaintiff both initially and on reconsideration and found that Plaintiff was able to sit for six hours of an eight-hour workday and could stand and walk for six hours as well. As briefly described above, the ALJ ultimately assigned limited weight to those opinions, concluding that while their "[p]ostural and environmental limitations [were] warranted, the state agency examiner failed to give due weight to [Plaintiff]'s subjective allegations of problems maintaining a position for long periods as well as weakness and the distracting effect of his pain." [Filing No. 8-2, at ECF p. 39.] The ALJ then took those concerns into account by including that Plaintiff should be allowed to alternate between sitting and standing positions throughout the workday.

Finally, Plaintiff contends that Dr. French's opinion supported a finding that Plaintiff could work a total of only six hours per day: two hours sitting, two hours standing, and two hours walking, but that the ALJ concluded that Plaintiff could work eight hours per day. While the ALJ does not explicitly make such a conclusion, it is implicit from the recommendations. Once again, though, the ALJ acknowledged Dr. French's assessment and opinion, but ultimately found it was discredited by the record. The ALJ cited to the many normal physical and mental exams in the record, the lack of prescription medications for pain treatment, and Plaintiff's ability to

7

work part-time and complete daily activities such as driving, preparing meals, cleaning, and caring for his child. For instance, the ALJ noted that Plaintiff was in no distress at an exam in early February 2015 and had normal range of motion, no evidence of a gait problem, and had full strength. [Filing No. 8-2, at ECF p. 36.] The ALJ also referenced exams in 2016 that once again showed Plaintiff had no distress, normal strength, and normal gait. [Filing No. 8-2, at ECF p. 37.] And, again, the ALJ's accommodation that Plaintiff be allowed to alternate between sitting, standing, and walking also addressed this issue. Therefore, the ALJ's assessment was reasonably articulated and supported by substantial evidence.

## IV. Conclusion

For these reasons, the Commissioner's decision is affirmed. Plaintiff's request for remand is denied.

Date: 8/16/2019

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email